**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Perry Max McGuire,<br><br>            Plaintiff,<br><br>vs.<br><br>Golden Rule Insurance Company, et al.,<br><br>           Defendants. | No. CV-20-02097-PHX-SPL<br><br>**ORDER** |

    Before the Court is Defendant Golden Rule Insurance Company's Motion to Dismiss (Doc. 5) filed pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6). The Motion is ripe for consideration. For the following reasons, the Motion will be granted.

    **I.**    **BACKGROUND**

    Plaintiff Perry Max McGuire sued Defendant for benefits under a short-term medical expense certificate in Pinal County Superior Court. (Doc. 1-1 at 1, 10) He sought payment for colon cancer treatment, alleging that Defendant rescinded the certificate wrongfully. (Doc. 1-1 at ¶¶12, 27) He brought claims for breach of contract, breach of the duty of good faith and fair dealing, and unjust enrichment. (Doc. 1-1 at ¶¶28–40) Defendant removed the case to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1 at 2) Defendant now moves to dismiss the unjust enrichment claim on Rule 12(b)(6) grounds. (Doc. 5 at 2) Plaintiff failed to timely respond.

    **II.**    **LEGAL STANDARD**

    To survive a motion to dismiss, a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief" so that the defendant is given fair notice of the claim and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). A court may dismiss a complaint for failure to state a claim under Rule 12(b)(6) for two reasons: (1) lack of a cognizable legal theory, or (2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When deciding a motion to dismiss, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

### III. DISCUSSION

Defendant moves only to dismiss Plaintiff's unjust enrichment claims. (Doc. 5 at 1) To sufficiently state a claim for unjust enrichment, a plaintiff must plead five elements: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) absence of justification for the enrichment and the impoverishment; and (5) an absence of a remedy provided by law." *Beaulieu Grp. LLC v. Inman*, No. CV-10-1590-PHX-LOA, 2011 WL 4971701, at *3 (D. Ariz. Oct. 19, 2011) citing *Cmty. Guardian Bank v. Hamlin*, 182 Ariz. 627, 630 (Ariz. Ct. App. 1995). "Where there is a specific contract which governs the relationship of the parties, the doctrine of unjust enrichment has no application." *Beaulieu Grp. LLC*, 2011 WL 4971701, at *3 citing *McNutt v. Key Fin. Corp.*, 2010 WL 3702509 at * 2 (D. Ariz. Sept. 9, 2010) (internal quotations omitted). Unjust enrichment claims may be pled in the alternative to a breach of contract claim. *Id.* If there is a remedy provided by law for the breach of contract claim, the unjust enrichment claim does not meet the fifth element and the claim must be dismissed. *Id.*

Failure to respond to a Motion to Dismiss may be deemed in the discretion of the Court as consent to the granting of that Motion without further notice, and judgment may be entered dismissing the claim with prejudice pursuant to LRCiv 7.2(i). Here, Plaintiff has failed to respond, and it is also clear from the face of the Complaint that he does not have

a claim for unjust enrichment. Plaintiff sued Defendant under a short-term medical expense policy, which is a contractual agreement between the patient and an insurance company. (Doc. 1-1 at 1, 10) Plaintiff also brings breach of contract claims, showing he has a remedy provided by law. (Doc. 1-1 at ¶¶28–31) *See Beaulieu Grp. LLC*, 2011 WL 4971701, at *3 (internal citations omitted). Therefore, he has not adequately pled the fifth element of an unjust enrichment claim: absence of remedy provided by law.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 5) is **granted** and Plaintiff's unjust enrichment claim is dismissed with prejudice.

Dated this 23rd day of November, 2020.

Honorable Steven P. Logan
United States District Judge